## FRESCHI v. MOLONY.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. LANDLORD AND TENANT—FORMER LEASE—EXECUTION BY ATTORNEY—SUFFICIENCY OF EVIDENCE.

Plaintiff testified that defendant held real property under a verbal lease between themselves. This the defendant denied, and introduced a written lease to him, executed on behalf of C., from whom plaintiff had purchased the property, dated prior to such purchase. This lease was signed in the name of plaintiff and P., purporting to be attorneys for that purpose, both names being signed by P., and plaintiff's without his authority, knowledge, or consent. C. had executed a power of attorney under seal to plaintiff and P., but neither this instrument nor any evidence of its nature was produced. There was some evidence tending to show that C. repudiated this lease, and that defendant was so informed

in writing. *Held*, that the evidence was insufficient to establish the written lease.

2. SAME—CROSS-EXAMINATION—DISCREDITING LEASE—EXCLUSION OF EVIDENCE.

Questions asked defendant on cross-examination for the purpose of discrediting the lease and to indicate a doubt in his mind as to its validity, as to whether he inquired into P.'s authority to execute the lease, and as to whether he had any knowledge of such authority, were improperly excluded.

3. SAME—EXAMINATION OF WITNESSES—BONA FIDES OF LEASE—CIRCUMSTANCES OF EXECUTION—EXCLUSION OF EVIDENCE.

It was improper to exclude questions asked P., the assumed attorney, as to whether his principal ever saw or had any notice of the lease; when she learned of it, and if she did not inform defendant that she would not ratify it; why he signed the lease in C.'s name; if plaintiff knew this; if so, when did he learn it; and generally as to the circumstances attending the execution of the lease,—such inquiries being pertinent to the good faith of the lease.

Appeal from municipal court, borough of Manhattan.

Summary proceedings by George Freschi against John Scott Molony, to recover possession of leased property. From a final order dismissing the proceedings, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

John J. Freschi, for appellant.

HIRSCHBERG, J. The real estate in question was purchased by the appellant in September, 1900, from Concetta Cuccio, of Palermo, Italy. The respondent, John Scott Molony, was then in possession as tenant. The appellant testifies that in October, 1900, he had a conversation with Molony, resulting in an agreement that the latter should remain in possession as a tenant of the former from month to month. This conversation the respondent denied, and he placed in evidence a lease purporting to have been executed on behalf of Mrs. Cuccio and by himself in April, 1900, leasing the premises for one year from May 1, 1900, with the privilege of a two years' renewal. The dismissal of the proceedings is assumed to have been based on this written lease. The lease, however, was not signed by Mrs. Cuccio. It was signed in the names of George Freschi, the appellant, and D. Purpura, purporting to be attorneys for that purpose, both names being signed by the latter; the appellant's name being so signed without his authority, knowledge, or consent. Mrs. Cuccio had executed a written power of attorney under seal to the appellant and Purpura, but it was not produced, and no proof was made as to the nature and extent of the power conferred, or whether the same could be exercised by one of the attorneys alone. There was some evidence tending to show that Mrs. Cuccio repudiated the lease, and that the respondent was informed of that fact in writing. It is evident from what has been said that the lease was not sufficiently established. But, aside from this fact, there were errors in the rulings which would require a reversal. The amount of the monthly rent stipulated in the lease was the same as that stated by the appellant as having been orally agreed upon, and it is quite apparent that the production of the

lease, if genuine and valid, was a powerful support to the respondent's denial of the oral agreement. The appellant was entitled to such evidence as he could furnish as might legitimately tend to discredit the lease, or to indicate a doubt on the part of the respondent as to its authenticity. The court, however, refused to permit the respondent to be asked on cross-examination whether he had ever investigated Mr. Purpura's authority to execute the lease, whether he knew if such authority existed, whether he had ever seen any written authority, and whether at the time of the execution of the lease Mr. Purpura produced any written authority; all which inquiries were proper for the purpose suggested, if for no other. The court also refused to permit the appellant to ask Mr. Purpura, the assumed attorney in fact, by whom the lease was executed, whether Mrs. Cuccio ever saw it, whether a copy was forwarded to her by him, whether he ever communicated to her the fact that he had executed such a document, how long it was after its execution that she acquired knowledge of its existence, whether she had to his knowledge informed the respondent that she would not ratify it, how he came to sign the lease in Mrs. Cuccio's name, whether the appellant was cognizant of that act, when he first learned of it, and generally the facts and circumstances under which the lease was executed. These inquiries were all pertinent on the question, among others, of the good faith of the document, and the exceptions to their rejection were well taken. It follows that the final order must be reversed, and a new trial ordered.

Final order of the municipal court dismissing proceedings reversed, and proceedings remitted to said court for new trial; costs to abide event. All concur.